DANIEL G. BOGDEN
United States Attorney

GREG ADDINGTON
Nevada State Bar No. 6875
Assistant United States Attorney
100 West Liberty Street, Suite 600
Reno, NV 89501
(775) 784-5438
Fax (775) 784-5181

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

          Plaintiff,

  v.

$102,283.44 IN UNITED STATES CURRENCY SEIZED FROM BANK OF AMERICA ACCOUNT,

          Defendant.

**COMPLAINT FOR FORFEITURE IN REM**

The United States of America, by and through Daniel G. Bogden, United States Attorney for the District of Nevada, and Greg Addington, Assistant United States Attorney, in a civil cause for forfeiture, respectfully states as follows:

1.     This court has jurisdiction under 19 U.S.C. §§ 1603 and 1610; Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; 21 U.S.C. § 881(a)(6); 18 U.S.C. § 983; and 28 U.S.C. §§ 1345 and 1355.

2.     This court has venue of this matter pursuant to 28 U.S.C. § 1395 because the above-named defendant is now, and during the pendency of this action will be, in the jurisdiction of this court.

3. In rem jurisdiction over the defendant property will be obtained through issuance of an appropriate warrant of arrest in rem or supplemental process pursuant to Rule G(3), Supplemental Rules.

4. The defendant is more particularly described as follows: $102,283.44 IN UNITED STATES CURRENCY SEIZED FROM BANK OF AMERICA ACCOUNT, which was seized on February 14, 2014, from the Bank of America account held in the name of Rafael Alvarez-Jimenez (hereinafter "Alvarez-Jimenez").

5. On or about February 14, 2014, the defendant property was seized on land at Carson City, Nevada, by officers of the Nevada Department of Public Safety (DPS). On or about March 7, 2014, the DPS seizure was adopted by the Drug Enforcement Administration (DEA), United States Department of Justice, in accordance with applicable regulations. Ever since the adoption, the defendant property has remained in the care, custody and control of the Office of the United States Marshals Service, Las Vegas, Nevada.

6. The defendant property was subject to administrative summary forfeiture proceedings; however, a claim was filed by Alvarez-Jimenez on or about July 10, 2014, claiming ownership of the defendant currency.

## GENERAL ALLEGATIONS

7. On February 12, 2014, a judicial officer of the Justice Court of Carson City Township, Nevada, issued a warrant authorizing a search of the residence located at 1713 North Peters Street, Carson City, Nevada. The search warrant was issued based on the affidavit of a DPS law enforcement officer which described the use of the residence in an illegal drug trafficking enterprise.

8. On February 13, 2014, and for several years prior thereto the 1713 North Peters Street home was the residence of Alvarez-Jimenez and his wife, Enriqueta Munoz-DeRobles.

9. The search warrant was executed on February 13, 2014, at the 1713 North Peters Street residence. Execution of the search warrant yielded the discovery of papers and records which confirmed that the home was the residence of Alvarez-Jimenez and his wife, Enriqueta Munoz-DeRobles.

10. Execution of the search warrant yielded the discovery of a quantity of methamphetamine and a quantity of cocaine consistent with an illegal drug trafficking enterprise.

11. Execution of the search warrant yielded the discovery of materials commonly associated with illegal drug trafficking, including small digital scales and measuring devices commonly used for weighing and packaging illegal drugs.

12. Execution of the search warrant yielded the discovery of a quantity of U.S. currency which included official advanced funds previously used by law enforcement for the controlled purchase of illegal drugs obtained from the 1713 North Peters residence.

13. Execution of the search warrant yielded the discovery of uncashed payroll checks payable to Alvarez-Jimenez for work performed at a local concrete company.

14. Execution of the search warrant yielded the discovery of bank records and papers which reflected account activity in a Bank of America account ending in number ....1465 in the name of Alvarez-Jimenez.

15. During the execution of the search warrant at the 1713 North Peters residence, Alvarez-Jimenez was arrested by DPS officers for various criminal offenses including illegal drug trafficking and child endangerment.

16. Following the execution of the search warrant at the 1713 North Peters residence, Enriqueta Munoz-DeRobles was arrested by DPS officers for various criminal offenses including illegal drug trafficking and child endangerment.

17. Following his arrest, Alvarez-Jimenez voluntarily engaged in a consensual conversation with a DPS officer. Alvarez-Jimenez stated that he was employed as a laborer at a local concrete company and earned $18.00 per hour. Alvarez-Jimenez acknowledged that he earned income by selling methamphetamine to users of that drug and that he acquired methamphetamine from a source in California.

18. On February 14, 2014, a judicial officer of the Justice Court of Carson City Township, Nevada, issued a warrant authorizing the seizure of all monies in the Bank of America account ending in number ....1465 in the name of Alvarez-Jimenez.

19. Execution of the seizure warrant yielded the seizure of the defendant property; namely, the sum of $102,283.44 which was held in Bank of America account ending in number ....1465 in the name of Alvarez-Jimenez.

20. Following his arrest, Alvarez-Jimenez pled guilty to multiple counts of level 2 drug trafficking, a felony under Nevada law, and was sentenced to a corresponding term of imprisonment.

21. The defendant in this action is the sum of $102,283.44 which was seized from the Bank of America account ending in number ....1465 in the name of Alvarez-Jimenez, as described in paragraph 19, above.

22. The defendant property constitutes proceeds traceable to the exchange of controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* and is, therefore, subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

23. The defendant property constitutes money furnished or intended to be furnished by a person in exchange for a controlled substance or listed chemical in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* and is, therefore, subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

24. Because of the foregoing, the defendant property is subject to seizure and to forfeiture and has become and is forfeited to the United States of America, plaintiff, under 21 U.S.C. § 881(a)(6).

## CONCLUSION

WHEREFORE, the United States of America, plaintiff, prays as follows:

1. Due process issue to enforce the forfeiture of the defendant property;

2. Due process be given to any interested party to appear and to show cause why the forfeiture should not be decreed;

3. The defendant property be condemned and be forfeited to the United States of America; and

4.      This court enter other and further relief as it deems just and proper.

Dated this ___1st___ day of October, 2014.

                                                    Respectfully submitted,

                                                   DANIEL G. BOGDEN
                                                   United States Attorney

                                                   ___/s/ Greg Addington_____
                                                 GREG ADDINGTON
                                                 Assistant United States Attorney

# VERIFICATION

I, Shane Murray, am a Special Agent of the Drug Enforcement Administration, United States Department of Justice, and am the agent assigned the responsibility of this case.

I have read the contents of the foregoing Complaint for Forfeiture in Rem, and the statements contained therein are true and correct to the best of my knowledge, information and belief.

I declare and verify under penalty of perjury that the foregoing is true and correct.

DATED: October 1, 2014

*/s/ Shane Murray*
SHANE MURRAY, Special Agent
Drug Enforcement Administration