1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**DISTRICT OF NEVADA**

10
11
12
13
14
15
16
17

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:14-cv-00506-HDM-VPC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| $102,283.44 IN UNITED STATES | ) | |
| CURRENCY SEIZED FROM BANK OF | ) | |
| AMERICA ACCOUNT, | ) | |
| | ) | |
| Defendant. | | |

_____

        Before the court is plaintiff United States of America's (the "government") motion to strike answer to complaint in forfeiture (#13) and motion to strike notice of claim (#20). Claimant Rafael Jimenez-Alvarez (Alvarez) filed responses to each motion (## 17 and 22) and plaintiff replied (## 19 and 23).

**Procedural History**

        This case is a civil forfeiture action brought by the government against a sum of money based on allegations that the funds represent the proceeds of illicit sales of controlled substances or listed chemicals. The government filed its complaint for forfeiture in rem (#1) on October 1, 2014. The court thereafter

18
19
20
21
22
23
24
25
26
27
28

1

entered its order for summons and warrant of arrest in rem for property and notice (#3), and the clerk of the court issued a summons and warrant of arrest in rem for property (#4) on October 15, 2014. The complaint, order, summons, and notice were served on Alvarez, who filed an answer on November 14, 2014 (#8). On November 28, 2014, the government filed its motion to strike claimant's answer (#13) on the basis that Alvarez had failed to timely file a verified claim of interest. Alvarez subsequently filed his claim on December 15, 2015 (#15), which led the government to file a second motion to strike (#20).[1]

The court held a hearing on the motions on March 26, 2015. The court took the motions under advisement and allowed the parties time to attempt to resolve the case. By subsequent orders (## 30, 32), the court approved the parties' stipulations for additional time to discuss a possible resolution.

On June 12, 2015, the parties advised the court they were unable to resolve the case.

**The Motions**

The government seeks to strike the answer filed by Alvarez on the ground that he failed to file a verified claim to the subject property.  The government asserts the filing of such a claim is a jurisdictional prerequisite to participation in the instant forfeiture proceedings. Alvarez responded by filing a verified claim (#15).  The government thereafter filed a motion to strike the verified claim on the basis that Alvarez "failed to file a verified claim until long after the deadline for such a filing had

---

[1]This time on Alvarez's verified claim.

2

expired and then only did so after the delinquency was brought to [his] attention through the filing of the [government's] pending motion to strike the answer." #20 Mot. at 1:22-2:1.

In Alvarez's opposition to the motion to strike the answer, his counsel contends he submitted a claim opposing forfeiture to the DEA, Asset Forfeiture Section, on May 28, 2014. Additionally, Alvarez filed a petition for remission or mitigation of a criminal or civil forfeiture action by the United States Department of Justice on July 16, 2014. Nevertheless, Alvarez concedes that after the filing of the complaint for forfeiture in rem by the government, he failed to file a verified claim along with his answer.

Alvarez's counsel asserts he believes he sent the verified claim to Alvarez for his signature, but is unsure whether it was lost by the department of corrections or if his counsel's office "failed to actually include it along with the answer" in its mailing to Alvarez. Response (#17) at 4:8-11. Counsel claims he has had a difficult time corresponding with Alvarez in part due to the language barrier and in part due to Alvarez's relocation to different prisons. *Id.* at 4:15-19. Alvarez's counsel avers, however, that the government was put on notice of Alvarez's claim by the original filings with the DEA and that it is not unduly prejudiced by the late filing of the verified claim. *Id.* at 5:1-5.

**Legal Standard**

The parties agree that the Supplemental Rules for Certain Admiralty and Maritime Claims govern the issue of judicial forfeitures of property in this case. *United States v. 5145 N. Golden State Blvd.*, 135 F.3d 1312, 1315 (9th Cir. 1998).

Pursuant to those rules,

> (i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending.  The claim must:
> (A) identify the specific property claimed;
> (B) identify the claimant and state the claimant's interest in the property;
> (C) be signed by the claimant under penalty of perjury; and
> (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).
> (ii) Unless the court for good cause sets a different time, the claim must be filed:
> (A) by the time stated in a direct notice sent under Rule G(4)(b)
> . . . .

Supp. R. G(5).

The notice must state a deadline for filing a claim, at least 35 days after the notice is sent. Supp. R. G(4)(b)(ii)(B).

Relatedly, "at any time before trial, the government may move to strike a claim or answer: (A) for failing to comply with Rule G(5) or (6) . . . ." Rule G(8)(c)(i).

**Analysis**

There is no dispute the claim was filed outside the time allotted by statute: the claim was filed on December 15, 2014. The notice granted 35 days for filing the claim. That time expired on November 25, 2014.[2] Alvarez urges the court to allow the answer and untimely filed verified notice of claim because the government has not been prejudiced. The parties agree the court may, for good cause, set a different time, pursuant to Rule G(5)(a)(ii). The parties disagree on whether the court should exercise such

---

[2]     The notice to claimant listed November 25, 2014, as the last possible date to file a verified claim. The government has referenced November 24, 2014, in its motions. As the parties other assertions and the court's conclusions remain the same whether November 24 or 25 is used, the court here uses the date referenced by the government in its notice to Alvarez.

4

1  discretion in this case.

2      The Ninth Circuit has held a district court "should only
3  exercise its discretion to grant additional time where the goals
4  underlying the time restriction and the verification requirement
5  are not thwarted." *United States v. 1982 Yukon Delta Houseboat*, 774
6  F.2d 1432, 1435-36 (9th Cir. 1985).

7      Several factors have been identified for district courts to
8  consider when determining whether to grant additional time. These
9  include: when the claimant became aware of the currency's seizure,
10 whether the United States Attorney may have encouraged the delay,
11 whether the claimant has suffered injury or illness that may have
12 caused a delay in filing, whether the government would be
13 prejudiced by allowing the late filing, whether the claimant
14 informed the government and the court of his interest before the
15 deadline, and whether the claimant timely petitioned for an
16 enlargement of time. *See United States v. $100,348.00 in U.S.*
17 *Currency*, 354 F.3d 1110, 1117-19 (9th Cir. 2004).

18     These factors provide some context for the court's
19 consideration. Alvarez became officially aware of the seizure
20 through direct notification by the government (#5); however, it is
21 clear Alvarez anticipated forfeiture proceedings even before the
22 direct notification, given his counsel's administrative filings
23 with the DEA. Response (#17) at 5:1-5. The delay is not excused
24 through injury or illness, as there is no representation indicating
25 Alvarez has suffered injury or illness. However, there is some
26 indication that Alvarez's counsel had difficulty communicating with
27 Alvarez because he was relocated to a different prison. Response
28 (#17) at 4:15-19.

1    Alvarez's argument principally rests on the degree of notice
2  and prejudice present in this case. There is no contention or
3  evidence suggesting the United States Attorney may have encouraged
4  the delay. Nonetheless, the government was aware of Alvarez's
5  intention to contest the forfeiture: Alvarez sent the government's
6  attorney, who filed the pending motions to strike, two hundred
7  twenty two pages of discovery related to his ownership of the
8  assets and his claim on October 30, 2014. Response to Gov't's
9  Notice (#35) at 3:13-16. Alvarez's actions reflect a clear desire
10 to contest the forfeiture and were directed to the government
11 attorney who is handling the forfeiture. Moreover, the answer to
12 the government's complaint in forfeiture (#8) requests return of
13 the property within its prayer for relief. The answer was filed
14 timely, but did not include the verified claim.

15    Court and statutory rules and deadlines are not to be lightly
16 cast aside. Parties have an interest in predictable and efficient
17 outcomes. As the parties acknowledge, the court may, however, in
18 limited circumstances, permit a late filing of the verified claim.
19 Supp. R. G(5)(ii).[3]

20    In this case, the government makes no claim of prejudice, but
21 relies solely on the failure of Alvarez to timely file his verified
22 claim. The apparent lack of prejudice and the evident attempts by

_____

[3]    18 U.S.C.A. § 983(4)(A) states a verified claim may be filed not later
than 30 days after the date of service of the Government's complaint
or, as applicable, not later than 30 days after the date of final
publication of notice of the filing of the complaint. Here, the
government has proceeded under the presumption the court has the
authority to grant an extension pursuant to the standard enumerated in
the Supplemental Rules. Moreover, Alvarez's claim was filed within 30
days of the final publication of the notice. Accordingly, the court
concludes it has the authority to permit Alvarez's verified claim and
answer.

Alvarez to comply with the rules and pursue his claim militate in
favor of permitting the late filing. Courts have found where a
claimant has made a good-faith effort to file a claim and where the
government can show no prejudice by the granting of an extension of
time, it is proper to allow such an extension. *See U.S. v.
Currency, in the Amount of $103,387.27*, 863 F.2d 555 (1988). "This
is especially true in a case where the defect is technical, where
it was made by the attorney and not the claimants, and where the
amount of currency is so large." *Id.* Alvarez's counsel admits the
technical defect and acknowledges he was in error for not
requesting an enlargement of time to file the claim; additionally,
the amount of currency at issue is substantial.

Alvarez's counsel asserts he made no request for enlargement
of time because 1) he did not expect the delays caused by his
difficulty locating and communicating with his client (Response
(#17) at 4:15-19) and he inaccurately believed the government had
acceded to an extension, as reflected in his filing of discovery
and communications with government counsel. *Id.* at 3:21-24; *see
also* #35 at 3:13-16. These explanations demonstrate Alvarez has
continuously pursued a claim to the property.[4]

Under the exceptional circumstances of this case, the court
concludes there is good cause to permit the untimely verified
claim. The government has cited no prejudice, and Alvarez filed his
verified claim approximately two weeks after the government moved
to strike the answer based on the lack of a verified claim. The
government was aware Alvarez was pursuing the property, that he was

---

[4] Additionally, Alvarez filed his answer (#8) and his jury demand (#11)
shortly after receiving the government's notice (#7).

represented, and that his counsel was compiling discovery. Since the filing of the answer, verified claim, and the government's motions to strike, discovery has proceeded and Alvarez has responded to the governments interrogatories and requests for production of documents. #34 at 3:17-19. In totality, the facts demonstrate Alvarez made a good-faith effort to file a claim. As the government has shown no prejudice, the court finds good cause to permit Alvarez to file his verified claim (#15) and append it to the answer he filed timely on November 14, 2014 (#8).

**Conclusion**

    Accordingly, and based on the foregoing, it is hereby ORDERED that plaintiff United States of America's motion to strike the answer to complaint in forfeiture (#13) is DENIED.

    IT IS FURTHER ORDERED plaintiff United States of America's motion to strike the notice of claim (#20) is DENIED.

    IT IS SO ORDERED.

    DATED: This 10th day of July, 2015.

_____

UNITED STATES DISTRICT JUDGE